Galloway v. United States Mr. Martinucci Good morning, Your Honors. May it please the Court, my name is Arthur Martinucci with the Quinn Law Firm in Erie, Pennsylvania. I'm here today on behalf of Edmund C. Galloway, the successor trustee for the James Galloway Living Trust. With me in the courtroom today, I would like to acknowledge Valerie Kuntz, who is a law clerk with our firm this summer. Ms. Kuntz was a law clerk with us last summer. She's completed her second year at Regent Law School and did some very significant work on the briefs and the underlying case. Your Honors, I would like to request five minutes for rebuttal. That will be granted. Thank you, sir. James Galloway was not a particularly educated man, but he was successful. He was able to amass, through conservative investment, a significant estate. And he put that estate into a trust. When he went and formed the trust, the first time around he had counsel. Unfortunately, he then amended it three times on his own. And as a result, the final trust document with the amendments provided that in one trust, at the time of Mr. Galloway's death, his assets would be divided four ways. There were two charitable beneficiaries and there were two non-charitable beneficiaries, each of whom received a 25 percent interest in the trust, in the principle of the trust, upon the date of his death. They were entitled to their 25 percent plus any income coming out of their 25 percent. Going through and trying to determine the estate tax obligations, the trust counsel at that point in time, Attorney Jim Stedman, from the western part of Erie County, went through and worked with the Pennsylvania Department of Revenue, which gave him a number and said, this is your charitable deduction, over $300,000. They applied for that charitable deduction and the IRS looked at it and said, no, you can't do it because this is a split interest trust. And that's what leads us to the litigation today. It is not a split interest trust in the manner that was conceived of by Congress, when in 1969 it adopted 2055-E as an amendment to 2055-A. 2055-A of the internal. Yes, sir. Mr. Marnucci, let me stop you right there. Yes, sir. You said it's not a split interest trust as Congress adopted it. Yes. Are you acknowledging that it is a split interest trust? No. No, I don't think so. And that's part of the problem in this case, Your Honor, is that nowhere. What is it? Well, it's a trust. It's a trust. It is Blackacre. If you and I, if you and I own Blackacre together and we each have a 50 percent interest in Blackacre, you have a 50 percent undivided interest in Blackacre and I have a 50 percent undivided interest in Blackacre. And the only time that that interest becomes split is if there's somebody else who has a share of our interest. And by share, I don't mean that they get X percentage. I mean that there is a remainder, that there's a remainder issue. But does that analogy help your argument or hurt your argument? I believe that it helps the argument, Your Honor, because if Blackacre, if your interest in Blackacre is undivided, then the charity's interest in this Galloway Trust is likewise undivided. But does that mean that it's the same property? No. I don't think that it is the same property. And that's the problem. That's the problem. Neither the code, nor the regulations, nor the IRS's brief, nor any of the case laws cited in this matter, tells you what is an interest in the same property. And if you look at Pennsylvania law, and I think that it's black letter law, that in order to determine what a property interest is, you don't look at federal regulations, you don't look at federal statutes, you look at state law. If you look at Pennsylvania law, Pennsylvania law will tell you that you can have undivided, fractional interests in the same property, whether it's realty or personalty. And that is not a split interest. If you look at the congressional intent behind the adoption of 2055E, you'll see that what they were talking about were remainder interests. Yeah, but how do we get to what the congressional intent was, unless there's an ambiguity in the statute? Well, I would think, as a general matter, Your Honor, that there is an ambiguity in the statute in the fact that it does not tell you what constitutes the same property. Inherently, there is an ambiguity in the statute. And I think that courts that have looked at this and have said that no, it's clear, it's plain, I think that those courts are wrong. There is an ambiguity in the statute. So I think that you do get to legislative intent. But I think that beyond that, if you look at some of the other cases that have discussed charitable contributions, that the court always has a right to look at what congressional intent is. If you look at Bob Jones University versus the United States, 461 U.S. 574, 596, and 97, a 1983 decision, you'll see that the Supreme Court has recognized that in enacting the charitable deduction provisions in IRC 2055 and its predecessors, Congress sought to insure gifts to charities. And both the Tenth Circuit and the Seventh Circuit, in looking at this, have said that while congressional intent, well, that congressional intent to prefer charitable gifts to estate taxes is a case of absolute priority. While loopholes should not be permitted to diminish estate tax payments by ostensibly charitable bequests, which may never become effective, we cannot blindly resolve all doubts in favor of the Internal Revenue Service if we are to respect legislative intent to encourage gifts to charities. That is from James P. Flanagan versus United States at 810 F. 2nd, 930, 931, Tenth Circuit, 1987. Quoting Norris versus Commissioner at 134 F. 2nd, 796, 802, Seventh Circuit, 1943. So I believe that there is plenty of ability for the court to go in and to consider the legislative intent. I think that there is an ambiguity, and I think that even beyond that, you have the ability. I'm not sure I fully understand. Let's just parse that statute. Let's read it, let's keep doing it. Yes, sir. For an interest in the property, passes or has been passed. To a deceased or a person for a use, describing, et cetera, et cetera. And an interest in the same property passes or has been passed to a deceased or a person for a use not prescribed, section A. That seems perfectly clear to me. Isn't that exactly what happened here, the no deductions allowed? No, sir, because we don't know what was intended by the same property. In the IRS's brief, it says that the trust was formed out of one set of property. Well, are we looking at a set, or are we looking at a piece? Anything in the institute, the declaration of trust, that suggests that there was more than one bundle of property? No, there was one bundle of property. Or that Galloway intended to create more than one? There was, well, he certainly intended for the effect to be that way. Because he guaranteed the charities a 25% interest each in the property and the income. But again, just because you have one pool of property doesn't mean that that constitutes the same property. It absolutely does not mean that. Because if that were the case, then you could never have an undivided interest in Black Acre if you had more than one owner. But you can have a one-third interest in Black Acre. Judge Fisher can have a one-third interest in Black Acre. Judge Roth can have a one-third interest in Black Acre. And each of your interests is independent and undivided. I still don't find the statute ambiguous. I understand that. I mean, to me, same property is that one bundle of property. But where does it tell us that? Well, I think to a certain degree, in interpreting language, we've got to accept the plain meaning of the language. And there are ways to avoid the unhappy implications of that language. The unfortunate thing here is that the taxpayer or the trustor didn't do that. But does that mean we should say, well, gee whiz, he meant to do it and he could have done it? I don't think so. I think that the IRS and the court absolutely has the ability to say exactly that, especially when you look at what the effect of the trust is and what the very limited, minuscule opportunities for abuse in this instance are. The Internal Revenue Code specifically provides for that ability. Or the regulations, rather, specifically provide for the ability of the IRS to bless a deduction in a case where the chance of abuse is so negligible. And in this instance, that's the case. There's absolutely no significant opportunity for abuse in this matter. All I can tell you at this point in time is that sitting here today, the charities in this instance have received over $160,000 worth, not worth. They've received over $160,000 from this trust. And yet the trust has been entitled to no deduction whatsoever. And I think that that flies in the face of statutory intent. And I think that that is unjust, and I think that that is the wrong result. Okay, Mr. Martin, if you will, I'll be back on rebuttal. Thank you, sir. Mr. Dudak. Good morning, I'm going to place the court on John Dudak. I represent the government. In our view, this is a classic split interest trust, because the trust documents create one trust involving one set of property. And the trust holds the property for charitable and non-charitable beneficiaries. And under the plain language of the statute, that's enough. It's a mixed bequest going to charitable and non-charitable beneficiaries. But was this what Congress was attempting to, was this a loophole Congress was attempting to close when it adopted the statute, a trust such as this? In general, I'd say yes, Your Honor. Specifically, not in general, specifically. Is this what Congress was trying to stop? This particular factual scenario wasn't mentioned in the legislative history, but the language of the statute is so broad and clear that it covers the situation. It's an interest in property, and there are no exceptions that are applicable here. Couldn't the statute as applied to this trust be construed to be ambiguous? I don't think so, Your Honor. The district court rejected that argument. It cited the Fifth Circuit's decision in Johnson, where the Fifth Circuit said the statutory language was clear. What about the Seventh Circuit's decision in the estate of Starkey, where they said if the interest is reasonably ascertainable? Well, that's another prong of the test to qualify for a deduction. It has to be ascertainable. We're talking about, we're focused on the initial statutory language about splitting an interest in property, where it goes to charitable and non-charitable beneficiaries. And the argument is that the trust here flunks that test. So the only recourse is to come up with, come within one of the exceptions set forth by Congress. And there's no argument here by the trustee that they fall within any of the narrow exceptions. Is there an unsophisticated donor exception? I don't think so, Your Honor. But if you have a remainder interest, the exceptions are an annuity trust or a unit trust or a pooled income fund. And then the statutory scheme goes on to say, for all other interests, you have to have an annuity, a guaranteed annuity, or the payments have to be a fixed percentage of the value of the property. Now, you referred to this as a remainder interest. Why is this trust, why do the shares here constitute remainders? Well, Your Honor, from the trust document, it sure looks like a remainder. The trust uses the word, the instrument uses the word remainder interest. I forget what the site is to the language. Also, the charitable beneficiaries have a contingent remainder interest. If the individual beneficiaries die early, then the charitable beneficiaries get their interest. So that looks a lot like a remainder interest and would fall under the E2A provisions. But in this case, the remainder can only be enhanced. Isn't it sure that the charities are going to get 50% and they may get more? Well, that was the kind of argument that was rejected by the district court in the Zabel case, where the state made an argument that, as a practical matter, it was almost guaranteed that the charities would get 50%. And the district court judge there said, well, no, it flies in the face of the plain language of the statute. If there's an interest in property that passes to mixed beneficiaries, then that's the end of the matter. In fact, there's a good quote from Zabel. Exactly.  Congress went out of its way to put reformation provisions in the Internal Revenue Code. The state makes no argument here or the trustee makes no argument here. They did that. And it just seems to me that there are so many different estates and trusts that floated around during that period of time when Congress oversaw this that notwithstanding that time, the only three exceptions they laid out for somebody like Mr. Galloway who wanted to make people wait, and really what the issue was here, he said, I'm going to give you half in 2006, and you're going to have to wait until 2016, for whatever reason. He either thought that people were going to spend it all too quickly and he wanted his legacy to go on longer or whatever. But all Congress provided for was a remainder annuity trust, which requires an annual payment, a unit trust, which requires an annual payment, and a pooled income fund, which clearly allows a life estate to remain. Now, neither of those three options, I don't care what kind of, how good the tax counsel would have been, could have fit into what Mr. Galloway wanted. That appears to be the case. Why should he be penalized? He didn't, the charity was, as Judge Ross said, the charity could only get more, not less here. That's true. There's one other, if you look at the B part, 2055E2B, it says in the case of any other interest, such interest is in the form of a guaranteed annuity or a fixed percentage distributed yearly of the fair market value of the property. So Congress is making it very clear that they didn't want any valuation uncertainties. You have to go, in order to get a deduction for a mixed charitable request involving a trust, you have to follow the recipe that Congress set forth in the Internal Revenue Code. And there is, no matter which one of these alternatives you look at, the trust has to be structured in a specific way. And if it's not, there's no deduction. And that's what Zabel and Edgar and Johnson, all of the case law, is upholding the plain language of the statutory scheme. You don't, in that circumstance, it's not necessary to go to the legislative history is our position. But even if you do go to the legislative history, it doesn't help this estate or this trust because they're not complying, with the plain words of the statute. I don't think the trustee is not citing, they don't cite any case law to support their position. I mean, in a sense, they're making an equitable argument to this court to rewrite the statute. But the trustee had the burden of proof to show that they were entitled to a deduction. And they haven't demonstrated that they come within the comprehensive statutory scheme that Congress enacted. Also, I'd like to mention that the arguments that they make regarding an entire interest or portion, an undivided portion of the taxpayer's entire interest, that does not apply in the case of trusts. That's an issue under Section 170A of the Internal Revenue Code, and that is accepted from the language of the statute that we have, 2055. He accepts that and it throws you back to the rules under 170. And they simply don't apply here because we don't, we have a trust, we don't have an outright bequest of an undivided interest. Are there any other questions? Thank you very much. Thank you, Mr. Goodyear.  Thank you, sir. Before I get ahead of myself, Your Honors, there was one thing I wanted to do at the beginning of my argument and I neglected to, and that was to correct a citation on page 9 of my reply brief. I have listed the estate of Engle at 198PA505, PA1964. That is, in fact, 198 Atlantic 2nd, 505, PA1964. And I also wanted to provide the Court with a citation to what I was saying about the IRS's ability to essentially waive these defects in the Galloway case based on the limited, if any, opportunity for abuse in this particular matter. And that's found, the regulatory provision is found at 26 CFR 20-2055-2 Mr. Dudek comes before you and says, it is a classic split interest trust, and yet no one, nowhere has defined split interest trust. It does not appear in the regulation. It does not appear in the statute. There is no definition for it. There is no definition for what is meant by in the same property and consequently I think that there is an ambiguity in the statute that this Court has the ability to interpret by looking back at the legislative intent. If you look at the legislative intent, if you look at the regulation and the examples that are given under the regulation, if you look at the cases that are cited, every single one of those cases is a remainder interest where a non-charitable beneficiary had an interest in the income and or the principle of the trust for a period of years, whether it was for their life or, as in the case of Zabel, I believe it was 21 years. And in those instances, the specific construct of those trusts was exactly what Congress was going after because they didn't want a situation where somebody would come in and say, okay, I have the life interest in this principle or I have the life interest in the income from this principle. Therefore, to enhance my quality of life, I'm going to go ahead and I'm going to invest in high risk, high income producing investments. The safety of the principle be damned. And at the end of that individual's life, they would have had the benefit of the income and the estate would have or the charity would have a reduced interest in the principle because it would have been wasted during that individual's life. That is not the case here. First of all, the trust document itself specifically limits the types of investments, the nature and the quality of the investments that can be made. Secondly, everybody shares equally in the income from their part of the trust. So if the charity has 25% of the income in the trust, they get the 25% of the income. If the individuals have 50%, then they get 50%. But if the trustee were by some stretch to go out there and invest in high yield, high risk type of investments, the charities, while they would have a reduced principle, would get the benefit of the income during that interim period. That's why we say that this is an undivided interest. Everybody got their bucket at the time of James Galloway's death. They get the income that flows out of that bucket. They get the principle that sits in that bucket until the time of distribution. There's no reason why the definition of an interest in property as interpreted under the Internal Revenue Code without specific congressional provisions ought to be any different than the definition of what an interest in property is under Pennsylvania law. The case law is clear. It is black letter law that the determination of a property interest rests with the state. The Commonwealth of Pennsylvania, the Pennsylvania Supreme Court, has been very clear in saying that you can have fractional undivided interests in both personality and realty. And that's what we have here. We have fractional undivided interests in personality. That is the trust. Is it one pool of property? It is. Are those interests yet undivided? Absolutely. As the court has noted, there's no way for the charities to go but up in this case. But if the language, if we find the language of the statute is clear, and if we find that although there are ways to avoid the harsh result of the statute, and the donor intended to avoid the harsh result of the statute, if nevertheless the language of the statute is clear, shouldn't we follow the clear language of the statute? No. I'm not saying that. No. And, again, I think, Your Honor, if you were to go through that analysis and come to that particular result, I think that at the very least the result that should come out of this appeal is that the trust be entitled to a deduction for the monies actually paid to the charities. In other words, if you don't want to give the trust any value for the actuarial possibility that the interest of the charities will increase, at least give us what we're giving them for sure. Thank you. Thank you, Mr. Martinucci. We thank counsel for their arguments and we will take the matter under advisement. Next case is a case of Norfolk County.